UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL KERSHAW,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SANTA CLARA,<br><br>  Defendant. | Case No. 5:16-cv-00984-PSG<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**<br><br>**(Re: Docket No. 2)** |

Plaintiff Russell Kershaw applies for leave to proceed in forma pauperis under 28 U.S.C. § 1915. However, because his legal claim is frivolous, the court ORDERS the Clerk of Court to reassign this case to a district judge and RECOMMENDS that the newly assigned judge DENY Kershaw's motion to proceed in forma pauperis as frivolous and DISMISS his claim.[1]

**I.**

By his own admission, Kershaw went to a Subway and "made a mess on a tile floor with feces."[2] For this, he was arrested and convicted of malicious mischief.[3] Believing that he was unlawfully arrested for a mere "[p]rank[]"—which in his mind, was more properly a matter for the small claims court—Kershaw now sues Defendant the City of Santa Clara under 28 U.S.C § 1983,

---

[1] *Cf. Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hoke v. Arpaio*, 92 F.3d 1192, 1192 (9th Cir. 1996).

[2] Docket No. 1 at 6.

[3] *See id.* at 4.

1
Case No. 5:16-cv-00984-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

alleging violations of his Fourteenth Amendment due process and equal protection rights.[4] He specifically challenges the actions of Officers Habib and Wilson.[5] He alleges that Habib forged a false police report and then arrested him, and that he was later released and then unlawfully re-arrested by Wilson.[6] He also alleges that his car and its contents were impounded and sold.[7] Kershaw seeks $99,000 in monetary damages.[8]

## II.

The parties have not yet consented to magistrate judge jurisdiction,[9] so this matter shall be reassigned to a district judge.

When presented with an application to proceed in forma pauperis, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).[10] Section 1915(a) does not require an applicant to demonstrate absolute destitution.[11] An IFP application will be denied and the action dismissed, however, if the party seeking IFP status has filed a pleading or petition that is legally frivolous.[12] A submission is "frivolous" for IFP purposes and therefore subject to summary dismissal under § 1915(e)(2)(B)(i) "where it lacks an arguable

---

[4] *See id.* at 1, 4.

[5] *See id.* at 6.

[6] *See id.*

[7] *See id.*

[8] *See id.* at 7.

[9] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 72(a).

[10] *See Franklin v. Murphy,* 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

[11] *See McCone v. Holiday Inn Convention Ctr.,* 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)).

[12] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

basis either in law or in fact."[13]

### III.

Applying the above standard, the court RECOMMENDS that the newly assigned district judge DENY Kershaw's application to proceed in forma pauperis and DISMISS his case as frivolous. Kershaw claims that his state "conviction is a violation of [his] fourteenth amendment" and seeks money damages under Section 1983.[14] However, the law sets specific requirements for this type of case:

> in order to recover damages for allegedly unconstitutional conviction . . . or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.[15]

Kershaw seeks damages under Section 1983 for an allegedly unconstitutional conviction, but he does not allege that his conviction has been reversed, expunged, declared invalid or called into question by a writ of habeas corpus. Because of that, he does not have a cause of action under Section 1983, making his claim frivolous and in forma pauperis status inappropriate.

**SO ORDERED AND RECOMMENDED.**

Dated: March 4, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[13] *Neitzke*, 490 U.S. at 325; *Hoke*, 92 F.3d at 1192.

[14] Docket No. 1 at 4, 6.

[15] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

3

Case No. 5:16-cv-00984-PSG
ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE