UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUSSELL KERSHAW,<br>　　　　Plaintiff,<br>　　v.<br>CITY OF SANTA CLARA,<br>　　　　Defendant. | Case No. 16-cv-00984-BLF<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>[Re: ECF 7, 12, 14] |

Before the Court is Plaintiff Russell Kershaw's motion for relief from judgment, motion to amend and supplement the order of relief, and a motion to amend the complaint, which is styled as a request for judicial notice in support of motion to amend the order of relief.[1]  ECF 7, 12, 14.

The Court has carefully considered and reviewed the pending motions, requests for judicial notice, and all of Mr. Kershaw other filings.  Mr. Kershaw filed this lawsuit after being arrested and convicted of malicious mischief.  Compl. at 4, ECF 1.  According to Mr. Kershaw, his criminal conviction violated the Fourteenth Amendment.  *Id*. at 2, 6.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that in order to seek damages under § 1983, a plaintiff must allege that his criminal conviction had been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  The Court has read all of Mr. Kershaw's filings and Mr. Kershaw has not indicated that his criminal conviction had been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  Since Mr. Kershaw's conviction still stands, the Supreme Court's decision in *Heck v. Humphrey* precludes this lawsuit.  Thus, the Court finds Mr. Kershaw cannot state a valid claim

---

[1] Mr. Kershaw's motion for relief was docketed twice.  The filing at ECF 7 contains the motion and the filing at ECF 10 contains the same motion and certificates of service.

for relief under § 1983.

In his motions, Mr. Kershaw also states that Subway is "now not registered with the state and is now not paying taxes," "is in violation of federal law[](Delaney clause of 58)", and is in "violation of 18 U.S. code ch 77 section 1589." ECF 12 at 3; *see also* ECF 14 at 3.  Based on Mr. Kershaw's papers, it appears that he is seeking to protect the health and safety of California citizens from the cancerous effects of sodium nitrate contained in Subway foods.  He seeks to amend his complaint to allege claims against Defendants for failure to prosecute Subway for its crimes while instead choosing to prosecute him for his protest.  While Mr. Kershaw's concern for public health is admirable, his prior claims and proposed amendments are not legally sound.  To the extent Mr. Kershaw seeks to allege causes of actions on the preceding grounds, these causes of action are unrelated to Mr. Kershaw's complaint alleging a violation of § 1983.  While Mr. Kershaw is not precluded from filing separate actions involving these additional claims, Mr. Kershaw's proposed additional claims against Defendants are not viable claims under § 1983.

Accordingly, after reviewing all of Mr. Kershaw's filings and for the reasons stated above, the Court DENIES Mr. Kershaw's motions for relief from judgment.

**IT IS SO ORDERED.**

Dated: June 30, 2016

_____
BETH LABSON FREEMAN
United States District Judge